**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MICHAELA BITTNER, ROGER CULLEN,
ERIC FISHON, BARRY GOLIN, LAURA
GONONIAN, ROBERT GUZIKOWSKI,
KATHLEEN HEVENER, IRMA LAWRENCE,
BRENT LONG, MARIA MAISTRO, PETER
MALDINI, DENITRICE MARKS, MARY
ANN MILLER, PAULA O'BRIEN, SUSAN
RAAB, ADAM ROPP, RICHARD RYANS,
JANEL SEMPRE, DAVID VIGGIANO, and
BRYAN WALLACE

                Plaintiffs,

     -against-

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

              Defendant.

Case No.:  20-mc-222

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
INTERNATIONAL BUSINESS MACHINES CORPORATION'S COMPLIANCE WITH
RULE 45(a)(1)(D) SUBPOENA DUCES TECUM**

    Movants here are Consumer Plaintiffs in an action pending in the United States District

Court for the District of Maryland captioned *In re Marriott International Inc. Customer Data*

*Security Breach Litig.*, Civil Action No. 8:19-md-02879-PWG (the "Marriott Action"), and

through this motion seek to compel the production of documents and things by International

Business Machines Corporation ("IBM") pursuant to Fed. R. Civ. P. 45.

**I.     BACKGROUND**

    The Marriott Action arises out of Marriott International's November 30, 2018

announcement that it was subject to one of the largest data breaches in history when the sensitive

personal and financial information of up to 500 million hotel guests was exfiltrated from its Starwood guest reservation database as part of an extensive, four-year long data breach. *See* Attorney Declaration of Kelly K. Iverson, Esquire, in Support of Motion to Compel ("Dec."), at Exh. A (attaching Plaintiffs' operative Second Amended Complaint ("SAC") in the Marriot Action). As detailed in the SAC, Marriott utilized IBM's Guardium Data Protection, which "continuously monitors all data access operation in real time to detect unauthorized actions, based on detailed contextual information – the 'who, what, where, when and how' of each data access." *See* Dec., Exh. A ¶¶ 177-78, n.65. On September 8, 2018, IBM Guardium alerted Marriott of an anomaly detected in the Starwood database, which ultimately led to the discovery of the data breach. *Id.* IBM also provided Marriott with various other data security products and services used prior to the data breach, to determine the cause of the data breach, and as part of the remediation efforts after the data breach. *See* Dec., ¶ 10a.

On September 9, 2019, Plaintiffs served their Notice of Intent to Serve Subpoenas to Produce Documents on Non-Parties, including IBM, upon Defendant in the Marriott Action. *See* Dec., ¶ 4. Thereafter, on September 10, 2019, Plaintiffs served IBM at its corporate headquarters in Armonk, New York, by overnight FedEx with signature confirmation of receipt.[1] *See* Dec., Exh. B. On September 20, 2019, counsel for IBM contacted Plaintiffs' counsel and indicated receipt of the subpoena, but requested that personal service be made. *See* Dec., ¶ 6. Accordingly, Plaintiffs

---

[1]     "[T]here is no such specific requirement [for personal service] within the language of Rule 45. Rule 45 merely calls for 'deliver[y]' to the person." *Ultradent Prod., Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *3 (S.D.N.Y. Sept. 24, 2002) (citing Fed. R. Civ. P. 45(b)(1)); *see also King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997) ("the court sees no reason [in the rule] for requiring in hand delivery for subpoenas served under Rule 45, so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness").

re-served the same subpoena to the same location by process server on September 20, 2019. *See* Dec., Exh. C.

The subpoena sought, generally, the production of documents related to IBM's provision of security products and services to Marriott and Starwood, as well as any documents IBM possessed related to Marriott's data security practices and the data breach at issue in the Marriott Action. *See* Dec., Exh. D (attaching Subpeona).

IBM served responses and objections to certain requests in the subpoena, which are dated October 5, 2019. *See* Dec., Exh. E (attaching IBM's responses and objections). IBM lodged specific objections to request for production numbers 1-3, 5-6, 8-11, 13-14, 23, and 27, but not to any other requests. *Id*. Additionally, it agreed to produce certain responsive documents. *Id.* IBM's counsel suggested the parties "speak next week" about the timing of a production and possibly narrowing the requests. *Id.*

The parties scheduled a telephone conference for October 31, 2019, which was then rescheduled to November 4, 2019. IBM's counsel was a no-show for the November 4, 2019 scheduled conference. The parties rescheduled and ultimately connected by telephone on Monday, November 18, 2019. At that time, IBM's counsel asked for some additional time to research what products and services IBM provided to Starwood and Marriott and what responsive documents were in IBM's possession. IBM stated it expected to have the information "that week." Plaintiffs followed up on December 12, 2019, with no response. On January 17, 2020, the parties conferred by telephone at which time IBM's counsel said she was making progress and provided an update on some of the work IBM had performed for Starwood and Marriott. Plaintiffs also discussed with IBM specific products and services related to documents that Plaintiffs believed were responsive

to the requests. IBM's counsel requested another week to follow up on outstanding requests to four departments to identify responsive documents that she had pending. *See* Dec., ¶ 10b-e.

Plaintiffs' counsel continued to follow up with IBM's counsel. In mid-February, Plaintiffs' counsel spoke briefly with IBM's counsel in person at a CLE event. IBM's counsel stated that she was gathering information and knew she needed to get back to Plaintiffs' counsel. The parties had another telephone conference on February 26, 2020. At that time, IBM's counsel again claimed IBM needed more time, but she promised that she would contact Plaintiffs' counsel by February 28, 2020 and be in a position to commit to a document production plan at that time. On that February 26th call, Plaintiffs' counsel explained that the motion to dismiss in the Marriott Action was denied, and Plaintiffs needed to move forward with IBM's production without further delay. IBM's counsel did not contact Plaintiffs' counsel as promised by February 28, 2020. Throughout the course of the six months that the parties conversed, Plaintiffs clearly expressed their willingness to work with IBM to come to an agreed-upon production scope. *See* Dec., ¶ 10f-h.

On March 6, 2020, Plaintiffs' counsel sent an email to IBM's counsel expressing frustration with IBM's ongoing delay and requesting that the parties reach an agreement on the search and production protocol by the following week. *See* Dec., Exh. F. Plaintiffs' counsel advised that if IBM was unwilling to confer with Plaintiffs, then Plaintiffs would seek relief from this Court to avoid further delays. *Id.* IBM did not respond and did not produce documents responsive to the subpoena. *See* Dec., ¶ 10j. The recent health crisis caused mitigation orders to go into effect for New York City at the same time as Plaintiffs' proposed deadline for IBM to respond. Thus, Plaintiffs did not immediately seek Court intervention to enforce the subpoena. *See* Dec., ¶ 10k. Instead, on April 21, 2020, after receiving no response and no document production from IBM, Plaintiffs sent a letter to IBM's counsel detailing Plaintiffs' efforts outlined herein and again

requesting that the parties reach a resolution without court intervention. *See* Dec., ¶ 10l, and Dec., Exh. G. IBM has failed to respond to Plaintiffs' April 21, 2020 letter. *See* Dec., ¶ 10m. Consequently, Plaintiffs ask this Court to compel IBM to produce documents responsive to Plaintiffs' subpoena.

## II.    ARGUMENT

Subpoenas directed to non-parties are governed by Fed. R. Civ. P. 45, which provides for sanctions where a non-party fails to comply with the subpoena. See *Mazzocchi v. Windsor Owners Corp.*, No. 11 CIV. 7913 AT, 2014 WL 594085, at *1 (S.D.N.Y. Feb. 11, 2014) (citing Fed. R. Civ. P. 45). Where the commanded party fails to respond to a subpoena, the serving party may move motion to compel production in the district where compliance is required. *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016). This Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena. *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002). Typically, however, courts in the Second Circuit will first enter an Order compelling the requested production and enter sanctions if that Order is violated. *Brentlor, Ltd. v. Schoenbach*, No. 13CV6697JGKBCM, 2018 WL 5619951, at *3 (S.D.N.Y. Jan. 9, 2018). Similarly, where a non-party timely objects to a subpoena, then the serving party may seek an order compelling production. *JMC Rest. Holdings, LLC v. Pevida*, No. 14 CIV. 6157 WFK VMS, 2015 WL 2240492, at *2 (E.D.N.Y. May 12, 2015); *see* Fed. R. Civ. P. 45(d)(2)(B). The general rules of discovery apply to Rule 45 subpoenas. *In re Nat. Gas Commodity Litig.*, 235 F.R.D. 199, 207 (S.D.N.Y. 2005), *decision set aside in part sub nom. In re Nat. Gas Commodities Litig.*, 235 F.R.D. 241 (S.D.N.Y. 2006). When responding to a subpoena, it is insufficient to reply upon general and conclusory objections to relevance, breadth, or burden. *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV126383JFBAKT, 2017

WL 1133349, at *3 (E.D.N.Y. Mar. 24, 2017). Once the requesting party makes a *prima facie* showing of relevance under Rule 26 for the requested information, a party objecting to discovery must show "specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each [discovery request or] interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (quoting *Vidal v. Metro–North Commuter Railroad Co.*, No. 3:12CV248, 2013 WL 1310504, at *1 (D. Conn. March 28, 2013) (alteration in original) (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

In its October 5, 2019 response, IBM committed to producing certain documents, none of which have been produced. IBM also served "specific objections" to a limited number of the requests, which are general and conclusory, and failed to articulate how the request is overbroad, burdensome, or oppressive. *See* Dec., Exh. E. For numerous requests (numbers 4, 7, 12, 15-22, and 24-26), IBM posed no specific objections and has failed to produce any responsive documents. *Id.* It is now more than seven months past the compliance date. Plaintiffs' counsel made themselves available to meet and confer on countless occasions over the past seven months to address any questions or concerns that IBM may have. *See* Dec., ¶10a-m. Despite Plaintiffs' efforts to meet and confer, IBM has ignored its duties under the subpoena and the Federal Rules of Civil Procedure.

IBM has violated Fed. R. Civ. P. 45. IBM failed to articulate any specific objections sufficient to protect documents from disclosure and failed to produce any documents in response to Plaintiffs' subpoena. Plaintiffs request that this Court enter the attached order directing IBM to make a full and complete production of all responsive documents to Plaintiffs within 20 days of the Order and require that IBM certify to Plaintiffs that it undertook a diligent search, including

electronically stored information, and that its production in response to the subpoena is full and complete.

## III.    CONCLUSION

For all of the reasons set forth above, Plaintiffs respectfully request that this Court grant their Motion to Compel International Business Machines Corporation's Compliance with Rule 45(a)(1)(D) Subpoena Duces Tecum.

Respectfully Submitted,

DATED: June 4, 2020                    _____

STEVEN NATHAN
**HAUSFELD LLP**
33 Whitehall Street, 14th Fl.
New York, NY 10004
T: 646-357-1100
F: 212-202-4322
snathan@hausfeld.com

GARY F. LYNCH
(To be admitted pro hac vice)
KELLY K. IVERSON
(To be admitted pro hac vice)
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA  15222
T: 412-322-9243
F: 412-231-0246
glynch@carlsonlynch.com

MARYBETH V. GIBSON
(To be admitted pro hac vice)
**THE FINLEY FIRM, P.C.**
3535 Piedmont Road
Building 14, Suite 230
Atlanta, Georgia 30305
Tel. 404.320.9979
mgibson@thefinleyfirm.com